**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4928**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

        v.

YARLETTA SANTIAGO, a/k/a Yarletta Beckwith,

              Defendant - Appellant.

Appeal from the United States District Court for the Northern
District of West Virginia, at Martinsburg.  John Preston Bailey,
Chief District Judge.  (3:08-cr-00079-JPB-DJJ-2)

Submitted:  June 11, 2010            Decided:  July 7, 2010

Before NIEMEYER, MOTZ, and KEENAN, Circuit Judges.

Affirmed in part and dismissed in part by unpublished per curiam
opinion.

S. Andrew Arnold, ARNOLD, CESARE & BAILEY, PLLC, Shepherdstown,
West Virginia, for Appellant.  Betsy C. Jividen, Acting United
States Attorney, Thomas O. Mucklow, Assistant United States
Attorney, Martinsburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Yarletta Santiago pled guilty to aiding and abetting the distribution of approximately 6.9 grams of cocaine, in violation of 21 U.S.C. § 841(a)(1) (2006), and 18 U.S.C. § 2 (2006). The district court sentenced her to thirty-six months of imprisonment, a variance of twenty-one months below the advisory guidelines range. On appeal, counsel has filed an Anders[1] brief, stating that there are no meritorious issues for appeal but questioning whether the sentence is reasonable. Santiago filed a pro se supplemental brief challenging her sentence. The Government seeks dismissal of the appeal based upon Santiago's waiver of appellate rights in the plea agreement. We affirm in part and dismiss in part.

A defendant may waive the right to appeal if that waiver is knowing and intelligent. United States v. Manigan, 592 F.3d 621, 627 (4th Cir. 2010). Generally, if the district court fully questions a defendant regarding the waiver of her right to appeal during the Fed. R. Crim. P. 11 colloquy, the waiver is both valid and enforceable. United States v. General, 278 F.3d 389, 400-01 (4th Cir. 2002); United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005). The question of whether a

---

[1] Anders v. California, 386 U.S. 738 (1967).

2

defendant validly waived her right to appeal is a question of law that this court reviews de novo. Manigan, 592 F.3d at 626.

Our review of the record leads us to conclude that Santiago knowingly and voluntarily waived the right to appeal her sentence. Moreover, the sentencing issue raised on appeal falls within the scope of the waiver provision in the plea agreement. We therefore dismiss this portion of the appeal.

Although the sentencing claim is precluded by the waiver, the waiver does not preclude our Anders review of any errors in Santiago's conviction. Our review of the transcript of the plea colloquy convinces us that the magistrate judge[2] and the district court fully complied with the mandates of Rule 11 in accepting Santiago's guilty plea. The court ensured that the plea was entered knowingly and voluntarily and was supported by an independent factual basis. See United States v. DeFusco, 949 F.2d 114, 116, 119-20 (4th Cir. 1991). Thus, we affirm the conviction.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues not covered by the waiver. We therefore affirm Santiago's conviction and dismiss the appeal of her sentence. This court

---

[2] Santiago consented to proceeding with her plea before a magistrate judge.

3

requires that counsel inform his client, in writing, of the right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART;
DISMISSED IN PART

4